## JONAH ATKINS *vs.* COUNTY OF BARNSTABLE.

An action against a county for the price stipulated in a written contract for work to be done
" to the acceptance of the county commissioners " is not maintainable without proof that
they accepted the work; but on a *quantum meruit* count the plaintiff may recover such
sum as the benefit of the work he has done in compliance with the terms of the contract
is reasonably worth to the defendant, not exceeding however the written contract price.

CONTRACT for building a section of a public highway in Truro.
The declaration contained two counts, the first on a written con-
tract, in which it was provided that the work should be done " to
the acceptance of the county commissioners," and the price of
six hundred and thirty dollars should be paid therefor ; the sec-
ond the common count for work and labor done for the defend-
ants.   Answer, denial that the work was done " to the acceptance
of the county commissioners," and averment of payment to the
plaintiff of the full value of his work and labor.

At the trial in the superior court, before *Rockwell*, J., it was
agreed that the defendants had advanced to the plaintiff five
hundred dollars, " with the understanding that such payment
should not affect his claim, and on their statement that they
did not accept the work ; " and there was evidence of the man-
ner in which the work was performed.

The plaintiff requested the judge to rule that if he executed
his part of the contract according to its provisions, the defend-
ants were bound to accept his work and pay him the price stipu-
lated therein, and cannot defeat this action on the ground of their
non-acceptance.   But the judge declined so to rule, and in-
structed the jury as follows : " On the first count the plaintiff
cannot recover unless he shows a substantial acceptance of the
work by the county commissioners; but on the second count he
may recover if he has satisfied the jury that in good faith he
has exactly performed the contract, and made the section of the
road according to the stipulations in every particular except that
the commissioners did not accept it, he showing that it was
entitled to the said acceptance, by the manner in which he had
performed the work; and he may recover for the value of the

labor and services what they were reasonably worth, not exceeding however the contract price. This action may be maintained, although the contract has not been performed according to its terms, provided the plaintiff has in good faith done what he believed to be a compliance with the terms of the contract, and has rendered a benefit to the defendants; and he may recover such sum as the labor and services were worth, not exceeding the contract price. Under the agreement of the parties concerning the payment of five hundred dollars made to the plaintiff, the recovery, if any, upon the principles above stated, will be for such sum as the jury may find he reasonably deserves to have, over and above five hundred dollars, but if they find that he does not reasonably deserve to have more than five hundred dollars, the verdict may be for the defendants. If the jury are satisfied that the plaintiff did not intend to perform the stipulations of the contract substantially, and did not so perform them, he cannot recover upon either count."

The jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

*J. M. Day*, for the plaintiff. 1. Mutuality of obligation being essential to a contract, the defendants were under obligation to accept the work and pay the contract price, if the work was done according to the provisions of the contract. The jury did not find that the plaintiff had not done his work according to the precise terms of the contract, and as under the ruling of the judge they could not render a verdict for the contract price in the absence of a virtual acceptance by the defendants, the plaintiff may have been deprived thereby of the difference between the contract price and the amount which, in the absence of any previously stipulated price, the work done was reasonably worth.

2. The plaintiff's agreement to complete the work to the defendants' acceptance was not a condition but a stipulation, the breach of which does not avoid the contract. 2 Pars. Con. 40.

*G. Marston*, for the defendants.

BIGELOW, C. J. The instructions were in conformity to the decided cases and in all respects sufficiently favorable to the

plaintiff. As to his right to recover on the first count, the agreement was express that the work should be done to the satisfaction of the county commissioners. The plaintiff was bound to show such acceptance in order to maintain an action on the written contract to recover the agreed price. *Mc Carren* v. *McNulty,* 7 Gray, 139. As to a recovery on the second count, the elements necessary to establish a claim against the defendants and the measure by which the damages were to be assessed were correctly stated by the court. *Hayward* v. *Leonard,* 7 Pick. 181. *Smith* v. *Lowell,* 8 Pick. 181. *Snow* v. *Ware,* 13 Met. 42. *Exceptions overruled.*