## RUSSELL E. GOODNOW *vs.* ALONZO DAVENPORT.

Franklin. September 15, 1874. WELLS & MORTON, JJ., absent.

A. sold a farm to B., and afterwards B. agreed in writing to quit the premises on or before a certain date, and to leave all tools, implements, &c., which were received with said place, thereon in as good a condition save wear and use as when found. *Held*, that this agreement included only those tools, implements, &c., which once belonged to A., and to which B. had no other title than by having received them with the place from A., and not such as had become B.'s by subsequent dealings with A.

The submission of a question of legal construction to the jury affords no ground of exception, if they decide it aright.

CONTRACT to recover pay for three two year old cattle, about three tons of hay, one stone boat, one horse sled, one sink and one meat bench.

At the trial in the Superior Court, before *Brigham,* C. J., the plaintiff put in evidence the following contract in writing, signed by the plaintiff and defendant:

" This indenture made on the one part by Russell E. Goodnow, and on the other part by Alonzo Davenport, witnesseth, that I, Russell E., for and in consideration of a quitclaim deed given me by said Davenport, agree and bind myself to deliver unto said Davenport certain notes given and signed by him for said land, all which I now hold against him, relinquishing all interest in the same ; and also I, Alonzo Davenport, agree to quit said premises on or before the 20th day of May next, and to leave all tools, implements, &c., which were received with said place thereon in as good a condition save wear and use as when found, and am to let said Goodnow have a certain spotted cow to satisfy interest on said notes, which are specified; and to be kept until called for by said Goodnow, or till the expiration of the occupancy of said Davenport of said farm. Dated this ninth day of April, 1873."

The plaintiff also introduced evidence tending to show that in the spring of 1871, the plaintiff sold to the defendant a farm situated in the town of Rowe, and gave him possession of the same, which he held until the date of the written contract; that there were left on the place at the time the defendant took possession of the farm, the said sled, stone boat, sink and bench, as well as the cattle, then calves, and hay, and also a grindstone, an old plough, a ladder, and a harrow made of wood, and some other articles ; that they were the property of the plaintiff and received by the defendant; and that after the date of the contract, when the defendant left the farm in the spring of 1873, he carried away from the farm the horse sled, stone boat, meat bench and sink, without any leave of the plaintiff.

The above facts, as to what things were left on the premises in the spring of 1871, and were received with the place, and what were carried away, were not in dispute. To meet this part of the case the defendant, against the objection of the plaintiff, was permitted to introduce oral testimony tending to show that subse-

quently to the time when the defendant took possession of the premises in the spring of 1871, and had received the articles above enumerated, and prior to the time of making the written contract in 1873, he had by separate and independent bargains bought a part of the tools and implements mentioned in the plaintiff's declaration, and had paid the plaintiff for them, and that other of said articles had been given to the defendant by the plaintiff. These facts were denied by the plaintiff.

In his instructions to the jury the presiding judge, against the objection of the plaintiff, instructed the jury as follows:

" The jury are warranted in presuming and in finding that the written agreement was not intended to apply to and did not apply to articles of property in which the plaintiff had no interest or property, although such articles are described in that written agreement; and also in presuming and in finding that such written agreement was not intended to apply to and did not apply to property described which the defendant, while upon the farm in question, had purchased of the plaintiff, or had received from him by gift, or in barter."

The jury found for the defendant, and the plaintiff alleged exceptions to the above instruction and admission of evidence.

*S. T. Field*, for the plaintiff.

*C. C. Conant*, for the defendant, was not called upon.

GRAY, C. J. The agreement of the defendant " to leave all tools, implements, &c., which were received with said place," includes, upon the reasonable construction of its terms, only those which once belonged to the plaintiff, and to which the defendant had no other title than by having received them with the place from him; not such as the plaintiff never had any property in, or which had become the defendant's by subsequent dealings with the plaintiff. The presiding judge might properly have so ruled as matter of law. But the submission of a question of legal construction to the jury affords no ground of exception, if they decide it aright. *Ricker* v. *Cutter*, 8 Gray, 248.

*Exceptions overruled.*