EDWARD FITZGERALD *vs.* CHARLES E. ALLEN & another.

Suffolk. Nov. 11, 1879. — Jan. 12, 1880. MORTON & SOULE, JJ., absent.

A person, who performs work for another under a special contract, which reserves to the latter the right to cancel the contract, is entitled, after such cancellation, to recover, upon a *quantum meruit*, the full value of his work up to that time, although the contract provides that the amount of the first month's work is to be retained as security for the faithful performance of the work.

CONTRACT in three counts. The first count was on a written contract, by the terms of which the plaintiff agreed to lay all the concrete required on " Section A " of the Sudbury River conduit for the sum of seventy-five cents per cubic yard, and to furnish all tools and labor necessary to do the work; the defendants agreed to furnish the materials for the work, which was to be done according to the plans and specifications for " Section A," and to the full satisfaction of the engineers and inspectors and entire acceptance of the Boston Water Board; any work not done to their satisfaction to be taken up and relaid at the expense of the plaintiff; the first full month's estimate to be held by the defendants as security for the faithful performance of the work; and the defendants reserved the right to cancel the contract, if so ordered by the engineer. The second count was on an account annexed for extra work done under the contract. The third count was on a *quantum meruit* for work done under the contract up to the time when it was cancelled by the defendants.

At the trial in the Superior Court, before *Putnam*, J., the plaintiff did not claim to recover on the first count.

It appeared in evidence that the defendants had contracted with the city of Boston to build " Section A " of the Sudbury River conduit, and the work covered by the plaintiff's contract was a portion thereof; that by the contract with the city the defendants were bound to build the section to the entire acceptance of the Boston Water Board, and to take up and rebuild any part of it, at their own expense, that might be directed by the board at any time before the final acceptance by them, and the city retained fifteen per cent of the contract price to secure performance; that the first month's estimate of work

done under the plaintiff's contract amounted to $192, and this sum had been retained by the defendants under the provisions of the contract until the work should be accepted by the Water Board, which had never yet been done; that the engineer had ordered the discharge of the plaintiff, because he was not satisfied with his work; and that the section had not been completed, and, by the terms of the defendants' contract with the city, it was not to be accepted until the whole of it was completed.

The defendants contended that the action could not be maintained upon the *quantum meruit*, or not until the whole work was completed and accepted by the Boston Water Board; and that in any case they were entitled to retain the amount of the first month's estimate until the whole work was completed and passed upon by the Water Board.

The judge instructed the jury to find the whole amount due the plaintiff, and deduct therefrom $192, the amount due for the first month's work. The jury found, that, after deducting the $192, there was due to the plaintiff $111.78; they also found, specially, that the value of the work and materials furnished by the plaintiff before his discharge was worth the amount claimed. The plaintiff alleged exceptions to the above ruling.

It was agreed that, if the plaintiff was entitled to recover on the third count, and the ruling of the judge directing the jury to deduct the amount of the first month's estimate was incorrect, the verdict of the jury should be amended and stand for the sum of $303.78.

*J. R. Murphy*, for the plaintiff.

*F. P. Goulding & F. H. Dewey, Jr.*, for the defendants.

LORD, J. It was error in the presiding judge to direct the $192 to be deducted from the value of the labor and materials. The plaintiff commenced to work under a written contract; and, while that contract was in force, his rights, remedies and liabilities were all to be determined by the terms of that contract; but, when that contract was wholly terminated, his rights would depend upon the mode in which it was terminated. It may have been terminated by his own voluntary refusal to continue to perform it, or by the absolute prohibition of the defendants to permit him to perform it, or by his absolute inability

by act of God or otherwise, to continue its performance, or by the mutual consent of the parties, or by a termination, as in this case, under a power reserved by the terms of the contract itself.

The rule laid down in *Hayward* v. *Leonard*, 7 Pick. 181, has been constantly recognized by this court, and has been approved as often as recognized, as founded in right and equity. *Hayward* v. *Leonard* was followed by *Smith* v. *Lowell Meeting-House*, 8 Pick. 178, *Moulton* v. *Trask*, 9 Met. 577, *Snow* v. *Ware*, 13 Met. 42, and *Atkins* v. *Barnstable*, 97 Mass. 428. The result of the cases is, that, if the special contract is terminated by any means other than the voluntary refusal of the plaintiff to perform the same upon his part, and the defendant has actually received benefit from the labor performed and materials furnished by the plaintiff, the value of such labor and materials may be recovered upon a count upon a *quantum meruit*, in which case the actual benefit which the defendant receives from the plaintiff is to be paid for, independently of the terms of the contract. The contract itself is at an end. Its stipulations are as if they had not existed. But this does not imply that the contract may not be put in evidence, and its terms referred to, upon the question of the real value to the defendant of the plaintiff's labor and materials. If the time of performance is extended very far beyond the time fixed by the contract, if the materials furnished are of a very different quality from that provided for by the contract, these facts have necessarily a bearing upon the real value of the services and labor. The original contract price, too, is an important element in determining the value of the labor and materials; and the proportion in value which the work done bears to the whole value of the contract labor and materials is also important in determining the *quantum meruit*.

It follows that, upon the authorities in this Commonwealth, the plaintiff was entitled to recover what, under all the circumstances of the case, his labor and materials were actually worth. And, as we understand that no objection was made by either party to the rules which the presiding judge laid down to guide the jury in determining the value of the labor and materials, there was no other error in the trial than the deduction of the $192; and, by the agreement of the parties, as it

appears by the bill of exceptions, the verdict is to be amended by the addition of that sum, and judgment is to be entered for the amount of the amended verdict. *Judgment accordingly.*