## SAMUEL FORD *vs.* JOHN J. BURCHARD.

Suffolk.   January 12. — February 23, 1881.   COLT & FIELD, JJ., absent.

If A. performs work and furnishes materials for B. under a special contract, which is afterwards broken by B. under such circumstances that A. is justified in abandoning it before completion, he may maintain an action for the value of the work done and materials furnished; and may set off such a claim, under the Gen. Sts. *c.* 130, §§ 1-3, in an action of contract against him by B.

A declaration in set-off alleged that the plaintiff and defendant entered into a written contract, a copy of which was annexed; that the plaintiff broke the contract; that the defendant was thereby prevented from performing it; that, by reason thereof, the defendant had the right to recover the value of the materials furnished and work done by him; that the defendant furnished labor and materials to the plaintiff, as set forth in an account annexed; and that the plaintiff owed him a certain sum, according to said account. *Held,* that this was not a declaration for unliquidated damages for a breach of contract; that

the unnecessary averments might be rejected as surplusage; and that it was a good declaration on an account annexed for labor and materials furnished, and set out a claim of which the defendant was entitled to avail himself in set-off, under the Gen. Sts. *c.* 130.

The report of an auditor is *prima facie* evidence of the facts and findings therein stated.

A. and B. entered into a contract, by which A., in consideration of $2600 to be paid by B., agreed to build a house for B. The contract further provided that "the lumber-dealer is to have reserved $600 for bill," and provided for payments by B. to A. as the work progressed, and on the completion of the house, amounting in all to $1900. *Held,* that the $600 was to be reserved from the balance due after the completion of the work; and that B. could not apply liabilities incurred by him for lumber in payment of the sums agreed to be paid during the work.

CONTRACT on a promissory note for $100, and for money paid. The defendant filed the following declaration in set-off:

" And the defendant says that the said parties made a contract in writing, a copy whereof is hereto annexed, and the defendant fully performed all his part of said contract, excepting only as he was prevented and hindered from so doing by the plaintiff; but the plaintiff did not perform his part of said contract, but wrongfully broke the same by refusing and neglecting to make the payments therein stipulated, and so prevented the defendant from completing the building mentioned in said contract. And the defendant specifies that the second and third payments stipulated in said contract became due and payable according to the terms of said contract; that he duly demanded the same, but the plaintiff neglected and refused to pay the same or either of them, and the defendant was thereby prevented from proceeding further with said work, and from completing said contract. And the defendant says that by reason of said breach he hath the right to have and recover from the plaintiff the fair price and value of the labor and materials furnished by him to the plaintiff for and on account of the building mentioned in said contract; and he says that he so furnished labor and materials, as set forth in the account thereof hereto annexed, and that the plaintiff owes him $553.89, according to said account (and he says that said account is exclusive of labor and material furnished by him, for which the plaintiff paid)."

Annexed to this was an account, beginning, " Samuel Ford to John J. Burchard, Dr.," and containing forty-seven items for

days' labor and materials, amounting with interest, after deducting credits, to $553.89.

The following copy of the contract referred to, and signed by the parties, was also annexed: " An agreement of two parts, made this 23d day of August 1871, by and between Samuel Ford and John J. Burchard, witnesseth: That in consideration of $2600, to be paid by Samuel Ford to me, I hereby agree to build for him a certain house [here followed the description and specifications]. Said Burchard to furnish all materials; and no alterations from this made except settled for at the time of alteration. Said house is to be built and finished in four months from date in good and workmanlike manner; and the lumber-dealer is to have reserved $600 for bill. Payments: when framed, raised and boarded in, $150; when ready for plastering, $150; when finished on outside, $200; when plastered and skimmed, $150; when the basement and first story are finished, $150; when second story and attic are finished, $200; and $300 when completed, and $600 at the expiration of thirty days from the completion of said house."

Trial in the Superior Court, without a jury, before *Bacon*, J., who ruled that the defendant was not entitled to avail himself of his set-off, and found for the plaintiff in the sum of $221.53; and reported the case for the determination of this court. If the defendant was entitled to avail himself of his set-off, judgment was to be entered for him in the sum of $441.69; otherwise, for the plaintiff for $221.53. The facts appear in the opinion.

*J. F. Pickering & J. B. Sanford*, for the plaintiff.

*W. S. Stearns & J. H. Butler*, for the defendant.

MORTON, J. The parties entered into a written contract, by which the defendant agreed to build a house for the plaintiff upon the terms therein stipulated. The presiding justice of the Superior Court, before whom the case was tried without a jury, found as facts that the plaintiff broke the contract, and that the defendant justifiably abandoned and rescinded it. Under these circumstances, the defendant was entitled to maintain an action to recover the value of the materials furnished and the work done by him for the plaintiff. *Fitzgerald* v. *Allen*, 128 Mass. 232. And his claim for such materials and services was a demand which he may set off under our statutes. Gen. Sts. *c.* 130,

§§ 1, 3. The defendant's declaration in set-off states with unnecessary particularity the facts that the parties made a contract, that the plaintiff broke it, that the defendant was thereby prevented from performing it, and that, by reason thereof, the defendant had the right to recover the value of the materials furnished and services done by him; all this is stated as inducement to the gist of the count, which is that the defendant furnished labor and materials to the plaintiff, as set forth in the account annexed, and that the plaintiff owes him $553.89, according to said account. This cannot be construed as a count for unliquidated damages for a breach of the contract. Rejecting as surplusage the unnecessary averments, there remains a good count on an account annexed for labor and materials furnished. The declaration therefore sets out a claim which the defendant is entitled to avail himself of under our statutes of set-off.

It follows that, according to the terms of the report, the defendant is entitled to judgment for the balance found to be due him, unless the court erred in its rulings to which the plaintiff excepted. The first exception of the plaintiff was to the ruling that the auditor's report was *prima facie* evidence of the facts and findings therein stated. This ruling was in accordance with the statutes and the adjudications in this Commonwealth, and was correct. *Holmes* v. *Hunt*, 122 Mass. 505, and cases cited.

It appeared at the trial that the plaintiff refused to make the payments required of him by the contract. He alleged, as an excuse for this refusal, that he had accepted orders drawn by the defendant, and had incurred liabilities for lumber to be used in building the house, in excess of the payments then due; and claimed the right to apply these liabilities to the first payments to be made by him under the contract. The court found, as a fact, that there was no agreement between the parties that any such application should be made; and thereupon ruled "that the liabilities incurred by the plaintiff for lumber and to the lumber-dealer did not, as matter of law, release the plaintiff from his obligation to make the payments required by the terms of the contract to be made;" to which the plaintiff excepted.

This contract is loosely drawn, but we think the intentions of the parties can be ascertained from it with reasonable certainty.

It will be observed that the payments specifically provided for amount to $1900, leaving a balance of $700 to make up the whole consideration. It seems to us that the parties intended that the $600 to be reserved for the lumber-dealer was to be reserved out of this balance not otherwise appropriated and applied; and that the several payments specifically provided for were to be made in cash, to enable the defendant to carry on the work.

When the plaintiff incurred liabilities to the lumber-dealer, therefore, he had the right to look for his security to the reserve fund provided by the contract, but had no right, without the consent of the defendant, to apply those liabilities to the several specific payments required by the contract. The ruling of the Superior Court upon this subject was therefore correct.

The result of the whole case is that the defendant is entitled to judgment for the balance found to be due to him upon his declaration in set-off.                    *Judgment accordingly.*