*Petitioner, pro se.*

*R. M. Morse, Jr. & H. L. Harding, contra.*

---

DAVIS SEWING MACHINE COMPANY *vs.* HARRIET L. STONE.

Middlesex.    May 5. — Sept. 5, 1881.    FIELD, J. did not sit.    DEVENS & ALLEN, JJ., absent.

A. and B. entered into a written contract, which mentioned B. in several places as the agent of A., and by which he assumed some duties of agency; it also recited that A. agreed to sell his goods to B., who was made absolutely liable to pay for all goods delivered under it.  C. made a written agreement by which he guaranteed to A. "the full performance of the foregoing contract by B., and the payment by B. of all indebtedness to A. for property sold to B. under this contract."  Each contract was dated May 8, but the first named contract was not delivered until June 8, and the contract of guaranty was not delivered until June 25.  *Held*, in an action on the guaranty, that, by the contract between A. and B., the latter was the purchaser of all goods delivered under it; that, by the terms of the guaranty, C. was not liable for goods sold by A. to B. before June 8, but was liable, not only for goods sold after June 25, but also for goods sold between June 8 and that date, C. knowing that the contract between A. and B. had been delivered previously, and that the parties were transacting business under it.  *Held, also*, that oral evidence was inadmissible to show that the parties understood that the contracts were to have the same effect as if they had been delivered on the day of their date.

MORTON, J.  The agreement of guaranty upon which this action is brought is as follows: "For value received, we hereby guarantee to the Davis Sewing Machine Company of Watertown, New York, the full performance of the foregoing contract on the part of George W. Euler and Leonard A. Stone, and the payment by said Euler and Stone of all indebtedness, by account, note, indorsement of notes (including renewals and

---

extensions), or otherwise, to the said Davis Sewing Machine Company, for property sold to said Euler and Stone under this contract, to the amount of six thousand dollars." The guaranty is dated May 8, 1872, but it was not delivered until June 25, 1872. The contract to which it refers is a written contract between the plaintiff of the first part and said Euler and Stone of the second part, which is dated May 8, 1872, but was not executed and delivered until June 8, 1872.

This contract is a peculiar one, and seems to be a mixed contract of sale and agency. The parties of the second part are in several places spoken of as the agents of the plaintiff, and they assume some duties of agency; but the contract recites that the plaintiff agrees to sell machines to Euler and Stone, and by its terms Euler and Stone are made absolutely liable to pay for all property delivered under it. We are of opinion that, by the true construction of the contract, Euler and Stone were the purchasers of all machines delivered under it.

Upon examining this contract, it is seen that it is entirely prospective in its language. It looks only to the future. No reference is made to any past transactions between Euler and Stone and the plaintiff. It does not purport to provide for the payment of any goods previously sold, or of any indebtedness of Euler and Stone growing out of previous transactions. This contract took effect from its delivery. Any claim which the plaintiff has against Euler and Stone for goods delivered to them before the contract took effect, or for goods delivered under a former contract to Euler, Stone and Avery, does not exist by virtue of this contract, but is founded upon an oral promise by Euler and Stone to pay for such goods.

The defendant guaranteed the performance of this contract on the part of Euler and Stone, not of any other or previous contract, and the payment of all indebtedness " for property sold to said Euler and Stone under this contract." She is liable only for the indebtedness of Euler and Stone arising under this contract. It is clear, therefore, that she cannot be held for any goods sold to Euler, Stone and Avery under the previous contract with them, or for any goods sold to Euler and Stone before this contract took effect. Her agreement contains no retrospective language which can embrace transactions prior to Euler

and Stone's contract; it looks to the future, and cannot by any fair construction be made to cover liabilities of Euler and Stone arising under any other contract, oral or written, than the one which she guarantees. *Thomas* v. *Blake*, 126 Mass. 320, and cases cited. *Milliken* v. *Pratt*, 125 Mass. 374.

As we have seen, the contract of Euler and Stone was delivered and took effect June 8, 1872; the agreement executed by the defendant was delivered and took effect June 25, 1872. The question, whether the defendant is liable for goods sold under the contract between these two dates, is one of more difficulty. It depends upon the intentions of the parties, to be deduced from the agreement, with such aid as may be rightly derived from the surrounding circumstances.

It appears that the defendant knew, when she executed her agreement, that the contract of Euler and Stone had been delivered previously, and that the parties were transacting business under it. The language of her agreement is that she guarantees " the full performance of the foregoing contract," and the payment of all indebtedness " for property sold to said Euler and Stone under this contract." This language by its natural import embraces the full performance of the contract from the time it took effect, and covers property which has been, as well as property which may be, sold under it; and we think the intention of the parties was that the guaranty should relate back and cover the full performance of the contract from the time it took effect.

We are therefore of opinion that the plaintiff is entitled to recover, not only for the goods sold after June 25, 1872, but also for those sold between June 8, 1872, and that date.

As, according to the terms of the report, the case is to stand for trial, it is proper to add that the rights of the parties must be determined by the construction of the written contracts; and that the offer of the plaintiff to show by oral evidence that the parties understood that the contracts were to have the same effect as if they had been delivered on May 8, 1872, was rightly rejected by the court.                    *Case to stand for trial.*

*J. S. Abbott*, for the plaintiff.

*T. H. Sweetser & J. Cutler*, for the defendant.