## STEPHEN P. SIMMONS *vs.* LAWRENCE DUCK COMPANY.

Essex.   Nov. 3, 1881. — Sept. 7, 1882.   MORTON, C. J., W. ALLEN &
C. ALLEN, JJ., absent.

A declaration alleged that the plaintiff and defendant entered into a written con-
tract, a copy of which was annexed; that the plaintiff was induced to execute
it by fraudulent misrepresentations of fact by the defendant; that the plaintiff
was not bound by it, but was entitled to recover what the labor performed and
furnished was reasonably worth; and concluded with an allegation like that
contained in an account annexed. *Held*, that it was a good declaration on an
account annexed; and that the unnecessary averments might be rejected as
surplusage.

A declaration alleged that the plaintiff and defendant entered into a written con-
tract, a copy of which was annexed; that the plaintiff entered upon the per-
formance of the contract, but the defendant neglected to perform his part of
the contract, and prevented the plaintiff from performing the contract, whereby
the plaintiff was greatly injured and damaged; and concluded with an allega-
tion like that contained in an account annexed. *Held*, that the count contained
two inconsistent causes of action, and was bad.

If a written contract for work to be done is fully performed, the stipulated price
may be recovered in an action upon a common count or an account annexed.

If a plaintiff, after doing work under a written contract, has the right to avoid or
rescind the contract, he may recover what his labor is reasonably worth, under
a common count or an account annexed.

In an action on an account annexed for work done and materials furnished, it
appeared that the plaintiff had performed work and furnished materials, during
the times stated in the account, under two proposals and a subsequent contract.
Neither of the proposals was identical in terms with the other, or with the con-
tract, though they had many things in common. They all referred to plans and
specifications, which did not appear in the defendant's exceptions on which the
case came before this court. There was oral evidence that the plans and speci-
fications referred to in the proposals and the contract were the same, and that
the parties intended to reduce their contract to writing, but delayed it until the
contract in question was made. There was evidence that the plaintiff had been
prevented from performing the final contract by the act of the defendant. The
jury were instructed, at the request of the defendant, that the plaintiff could
not recover for work done and materials furnished, not done and furnished under
the final contract, and were further instructed, against the defendant's objec-
tion, that whether the work done and materials furnished prior to the date of
that contract were done and furnished under that contract, was for the jury to
determine on all the evidence in the case. *Held*, that the defendant had no
ground of exception to the admission of the evidence, or to the instructions
given.

CONTRACT for work done and materials furnished. At the
trial in the Superior Court, before *Colburn*, J., the jury returned
a verdict for the plaintiff for the full amount claimed; and the
defendant alleged exceptions, which appear in the opinion.

*C. G. Saunders*, for the defendant.

*É. T. Burley & C. U. Bell*, (*E. J. Sherman* with them,) for the plaintiff.

FIELD, J.  The plaintiff's declaration as amended contained four counts.  The first is in the nature of a common count for work done; the second is a count on an account annexed, and the account annexed includes items from November 1871 to July 30, 1872; the third count, after setting forth that the parties executed a contract in writing, a copy of which is annexed, and is dated June 15, 1872, alleges that the plaintiff was induced to execute this contract by fraudulent misrepresentations of facts by the defendant, and that he was not bound by it, but was entitled to recover what the labor performed and furnished was reasonably worth, which sum was stated, and concludes with an allegation like that contained in a count on an account annexed, and may be considered such a count, the inducement being rejected as surplusage.  *Ford* v. *Burchard*, 130 Mass. 424.

The fourth count alleges that the parties executed a contract in writing, a copy of which is annexed, and is the same contract referred to in the third count; that the plaintiff entered upon the performance of the contract, but the defendant neglected and refused to perform its part of the contract and prevented the plaintiff from performing the contract, whereby the plaintiff was greatly injured and damaged; and it also concludes with an allegation like that contained in a count on an account annexed. This count is bad in substance, because it contains two inconsistent causes of action in contract, one being the breach of a special contract, and the other a *quantum meruit* for work done. *Mullaly* v. *Austin*, 97 Mass. 30.

The demurrer of the defendant was waived at the argument.

The theory of the plaintiff apparently was, that the proposal of the plaintiff of October 11, 1871, which was accepted by the defendant and under which some work was done, and the proposal of November 11, 1871, which was also accepted and under which work was done, were both superseded by the contract formally executed on June 15, 1872, which was intended by the parties to cover all the work done by the plaintiff; and that the plaintiff had the right to avoid this contract, because it was procured by fraudulent misrepresentations, and also to rescind it

because the defendant had refused to perform its part of it and had prevented the plaintiff from performing it, and, the contract being thus avoided or rescinded, the plaintiff could recover on an account annexed for all work done.

The acceptance of each of these proposals constituted a contract, and if each of these contracts had been fully performed by the plaintiff, so that nothing remained to be done but the payment of the stipulated price, the plaintiff could recover this under a count in the nature of a common count or a count on an account annexed. *Cullen* v. *Sears*, 112 Mass. 299.

If the plaintiff had the right to avoid or rescind the contract of June 15, 1872, and elected to do so, he could recover under either of these counts, for the work done under this contract, what it was reasonably worth. If the work agreed to be done under each of the contracts, made by accepting the proposals, was not completed, and, before completion, these contracts were annulled by the parties, and a new contract, including the same and other work, made, and if this new contract was one which the plaintiff had the right to avoid or rescind for the reasons stated, and he elected to do so, he could then recover, under either of these counts, for all work done by him under all the contracts, whatever the work was reasonably worth. *Fitzgerald* v. *Allen*, 128 Mass. 232.

No two of the three contracts are identical in terms, although they all have many things in common. They all provide that the work shall be done "according to plans and specifications," none of which appears in the papers. The amount of the different kinds of work to be done is in most cases left indefinite in the contracts themselves; whether the plans and specifications would make this definite, we do not know. Some materials were to be furnished by the plaintiff under each of these contracts, which are included in the items of the account annexed, although the other counts declare only for work and labor done.

It appears in the exceptions that the "plaintiff contended, and introduced evidence tending to prove, that, although labor and materials were furnished by him between October 11, 1871, and June 15, 1872, the plans and specifications referred to in said proposals and contract were one and the same; that the parties intended to reduce the contract to writing, but the same

was delayed for no particular reason until June 15, 1872;" and to the introduction of this testimony no objection appears to have been made or exception taken. The defendant made four requests for instructions, the first three of which were given, except the first clause of the first, and it has not been argued that the refusal to give that was error, and it plainly was not.

The effect of these instructions was that the plaintiff must be confined to work done and materials furnished under the contract of June 15, 1872. If these instructions are erroneous, the defendant cannot complain, as they are in his favor. The fourth request of the defendant, which the court refused to give, was this: "That the plaintiff cannot recover for work and labor under the contract set forth in his declaration, which were rendered and performed prior to the date and execution of said contract." Apparently, this was rightly rejected. The first three counts of the plaintiff's declaration were not for the breach of a contract, but were for work done. The second count also included materials furnished.

The court instructed the jury, at the request of the defendant, "that they could not find for the plaintiff for any work and materials not performed and furnished under the contract dated June 15, 1872;" and, against the defendant's objection, further instructed them, "And whether the work and materials performed and furnished prior to that date were performed and furnished under that contract was for them to determine, upon all the evidence in the case." To the first part of this instruction the defendant cannot object, as it was given at his request, and is in his favor.

If this whole work was one continuous piece of work done for the purpose of making certain changes in the yard of the defendant, and if the plans and specifications referred to in all the contracts were the same, and distinctly indicated the kind and quantity of work to be done, and included all the work done by the plaintiff, and if the contract of June 15, 1872, was executed while the work was in progress, and the former contracts were abandoned by the parties, the court might perhaps have ruled, as matter of law, that the contract of June 15, 1872, must be presumed to be the final agreement of the parties in regard to all work done according to the plans and specifications. *Davis*

*Sewing Machine Co.* v. *Stone*, 131 Mass. 384.    *Goodnow* v. *Davenport.* 115 Mass. 568.

But upon that we can give no opinion, because the plans and specifications, which are a part of the contract, are not before us for construction in connection with the rest of the contract. When one person agrees in writing to do certain work for another, according to certain specifications, for a price which the other agrees in writing to pay, and it appears that a part of the work specified has already been done by the first party at the request of the other, it may happen that something in the nature of a latent ambiguity is disclosed; for the terms of the whole contract may be such that the fact that a part of the work was done before the execution of the contract, which is a fact extrinsic of the written contract, may make it doubtful whether the work already done is to be paid for according to the terms of the contract.

Oral evidence was admissible for the purpose of identifying the plans and specifications intended by the parties. *Stoops* v. *Smith*, 100 Mass. 63. If these plans and specifications included all the work done and to be done, and all the materials furnished and to be furnished by the plaintiff, the acts of the parties after this contract was made, and the facts and circumstances under which it was made, were admissible for the purpose of showing that it was intended that the new contract should be substituted for the former ones, and should determine the rights of the parties in regard to the work already done and materials already furnished. Evidence that the parties had abandoned or annulled the former contracts before or at the time they executed the new contract, would be admissible for the same purpose; and it might well be submitted to the jury, under suitable instructions and competent evidence, to determine whether the parties had not annulled the old contracts and substituted the new one therefor, so that it should apply to the work done before as well as after its execution. The evidence would be, in effect, admitted for the purpose of applying the contract to the subject matter of it. *Farnsworth* v. *Boardman*, 131 Mass. 115.

If the defendant desired more specific instructions on this point than were given, its duty was to ask for them. If any of the evidence admitted was incompetent, the defendant's duty

was to except to it, or in some manner specifically to call the attention of the court to it and request a ruling upon it.

The defendant has not shown by these exceptions that it has been aggrieved, either by the admission of evidence or by the instructions of the court, and there is nothing in this case that induces us to depart from the strict rule which governs exceptions.

The verdict for the plaintiff may well rest upon the second count.                                              *Exceptions overruled.*