TEGNANDER TOMMASSEN *vs.* DANIEL FEELEY
(and a companion case [1]).

Norfolk.   December 9, 1943. — June 26, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Motor Vehicle*, Operation.   *Agency*, What constitutes.

Fragments of evidence did not warrant a finding that within G. L. (Ter. Ed.) c. 90, § 12, one, entrusted with possession of an automobile by its owner, had allowed a certain unlicensed person to operate it while he was not present, or a finding that such person, in operating it negligently, was acting as his agent.

TWO ACTIONS OF TORT. Writs in the District Court of East Norfolk dated March 10, 1941.

On removal to the Superior Court, the cases were tried together before *Goldberg*, J.

In this court the cases were argued at the bar in Decem-

---

[1] The companion case is Johanna Tommassen against the same defendant.

ber, 1943, before *Field*, C.J., *Donahue, Lummus, Qua,* & *Cox*, JJ., and after the retirement of *Donahue* & *Cox*, JJ., were submitted on briefs to *Dolan, Ronan, Wilkins,* & *Spalding*, JJ.

*D. H. Fulton*, for the defendant.

*B. A. Sugarman*, for the plaintiffs.

LUMMUS, J. On November 3, 1940, the plaintiffs, husband and wife, while riding in Weymouth in an automobile operated by the husband, were hurt in a collision with an automobile operated by one Lind. Each plaintiff sued the defendant Feeley to recover for bodily injury, alleging negligence in one count and a violation of G. L. (Ter. Ed.) c. 90, § 12, in another. That section provides in part that "No person shall allow a motor vehicle . . . under his control to be operated by any person who has no legal right so to do." The male plaintiff claimed also in other counts damages for injury to his automobile and consequential damages arising out of the injury to his wife, and based his claims upon negligence and also upon a violation of the statute cited.

The jury returned a separate verdict against the defendant upon each count. The defendant excepted to the denial of his motions for a directed verdict in his favor upon each count. He contends that he had no such relation to the operation of the automobile by Lind as to make him liable.

The material evidence came from the defendant, a Mrs. McCarthy, and Lind. All were called by the plaintiffs. From their testimony the following facts could be found. On Saturday, November 2, 1940, Lind and the defendant visited one Packard, a dealer in automobiles at Brockton, from whom Lind wished to buy an automobile. Finding no satisfactory one, Lind asked Packard for the use of an automobile on the following day, Sunday, November 3, 1940. Lind told Packard that he had no license to operate one, but that the defendant had such a license. Packard let the defendant, and not Lind, take an automobile for use on the following day, warning both that Lind must not operate it.

On the following day, the defendant, his mother and his sister, Lind and Mrs. McCarthy, with whom Lind was

"pretty friendly," rode in the borrowed automobile from Stoughton to Camp Devens and return. The defendant did all the driving. Late in the afternoon they got back to the defendant's house in Stoughton, where the automobile was stopped in a driveway with the engine key in the lock. Everyone got out and entered the house except the defendant and Lind. A few minutes later Mrs. McCarthy came out of the house and got into the automobile. While she was on her way to the automobile, the defendant left it and went into the house to go to the bathroom. They passed each other but said nothing. As soon as the defendant had left the automobile, Lind moved over into the driver's seat, intending to drive Mrs. McCarthy home although nothing had been said about that. As soon as Mrs. McCarthy got into the automobile, Lind started it and drove her, not to her house a mile and a half away in Stoughton, but to a restaurant in Abington where they "couldn't get in." After they left the restaurant, the collision took place in Weymouth. Where they were going at the time, did not appear.

The defendant testified that he intended to leave the automobile in the driveway for a few minutes only while he went to the bathroom, and intended then to drive Lind and Mrs. McCarthy to her house or wherever they wished to go. The defendant was in the bathroom when Lind drove away, and knew the fact only because his mother told him. He testified that he did not give permission to Lind to drive the automobile, and that Lind's act in taking it was contrary to his wish and expectation.

The plaintiffs rely upon some fragments of evidence to show that the defendant allowed Lind to take the automobile. The defendant testified that "the reason he got out [of the automobile] was because he saw Mrs. McCarthy approaching to enter [it]." But that may have meant merely that he saw that Mrs. McCarthy was ready to go home, and hastened to the bathroom in order to be ready to drive her home. His leaving the engine key in the lock did not indicate that Lind, rather than himself, was to drive her home. Although Lind remained in the automobile for the purpose of driving her home, there was no evidence that

the defendant knew that. There was no evidence that the defendant saw Lind move over into the driver's seat.

We are of opinion that the evidence did not warrant a finding that the defendant did "allow" the automobile to be operated by Lind, in violation of G. L. (Ter. Ed.) c. 90, § 12. In the cases relied on by the plaintiffs, the evidence of consent was much stronger. *McDonough* v. *Vozzela*, 247 Mass. 552. *Gordon* v. *Bedard*, 265 Mass. 408. *Leblanc* v. *Pierce Motor Co.* 307 Mass. 535, 537, 538. See also *Foley* v. *John H. Bates Inc.* 295 Mass. 557, 563, 564. Much less did the evidence warrant a finding, possibly required for recovery on some of the counts, that Lind was the servant of the defendant in taking Mrs. McCarthy home, as in *Campbell* v. *Arnold*, 219 Mass. 160; to say nothing of the fact that at the time of the collision Lind had departed from the business of taking her home. The motions of the defendant should have been granted. In each case the entry will be

*Exceptions sustained.*
*Judgment for the defendant.*