William E. Bowker *vs.* Edwin R. Delong & another.

Suffolk.   Jan. 21. — March 2, 1886.   Devens, Holmes, & Gardner, JJ., absent.

In an action for deceit in the sale of a quantity of flour, the declaration in which alleged in substance that the defendant falsely and fraudulently represented the flour to be sound and sweet, knowing it to be unsound and sour, and thereby induced the plaintiff to buy it, evidence that the flour was received by the defendant as a part of a large lot of flour, the rest of which was sound, and which flour, so far as he knew, was all alike, and was kept in the same manner until the sale to the plaintiff, is admissible ; and evidence that the plaintiff examined the flour before buying it, and said it was all right, is also admissible.

At the trial of an action upon a guaranty of the soundness of goods sold, it appeared that the written guaranty upon which the plaintiff relied had been altered after it was signed by the defendant.  The plaintiff contended that it was altered by the defendant in his office ; and the defendant denied that it was altered by him or by his authority.  The plaintiff introduced a witness, who testified that A. brought the defendant's bill into a store where the plaintiff then was; that a roll of bills was given to A.; and that A. and the plaintiff went out of the store together.  The plaintiff then offered to show by this witness that the plaintiff found fault with the terms of the guaranty ; and that A. said that " he was authorized by the defendant to say, if it was not right, to return it to him, and that he would make it satisfactory."  The judge excluded the evidence offered, upon the ground that there was no evidence that A. had any authority from the defendant to receive or make such statements.  *Held,* that the plaintiff had no ground of exception.

Morton, C. J.   The declaration contains two counts, one in tort, for deceit in the sale of a quantity of flour, the other in contract, upon a guaranty that the flour was sound and sweet.   The gist of the count in tort is that the defendants falsely and fraudulently represented the flour to be sound and sweet, knowing it to be unsound and sour, and thereby induced the plaintiff to buy it.   Under this count, it was competent for the defendants to show that they did not know that the flour was unsound. Evidence that it was received by the defendants as a part of a large lot of flour, the rest of which was sound, and which flour, so far as they knew, was all alike, and was kept in the same manner until the sale to the plaintiff, was admissible upon the first, if not upon the second count.

Evidence that the plaintiff examined the flour before buying it, and said it was all right, is so clearly admissible that it requires no discussion.

It appeared at the trial that the written guaranty upon which the plaintiff relied in support of his second count had been altered after it was signed by the defendants. The plaintiff contended that it was altered by the defendants in their office; the defendants denied that it was altered by them or by their authority. The plaintiff introduced Jane Chisholm as a witness, who testified that a young man brought the bill of the defendants into the store of John H. Bowker, where the plaintiff then was; that a roll of bills was given to the young man, and that he and the plaintiff went out of the store together. The plaintiff then offered to show by this witness that the plaintiff found fault with the terms of the guaranty; and that the young man said that "he was authorized by the defendants to say, if it was not all right, to return it to them, and that they would make it satisfactory." The court rejected her testimony of the statements made as to the guaranty, upon the ground that there was no evidence that the young man had any authority from the defendants to receive or make such statements. It is clear that the court understood that they were offered as declarations or admissions binding upon the defendants. The only ruling of law was that they were not admissible as such, because there was no evidence of authority on the part of the young man to make or receive them. If they were competent upon any other ground, or in any other aspect of the case, it was the duty of counsel to call this to the attention of the court, and ask a ruling upon it. We are of opinion that the ruling made was right. The bill of exceptions does not disclose any evidence that the young man had any authority to make any admissions or declarations binding upon the defendants. For aught that appears, he may have been a mere messenger boy, with no authority to do anything more than to present the bill and receive the amount of it. Any further authority could not be proved by his statements, and any declarations outside of the scope of his authority were not competent as binding upon the defendants.

*Exceptions overruled.*

*R. Lund*, for the plaintiff.

*J. B. Richardson*, for the defendants.