SELIG MANILLA *vs.* ANDREW J. HOUGHTON & another.

Hampden.    September 22, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Evidence — Agency — Account annexed.*

Evidence of a request by the plaintiff, in an action to recover for personal services as agent in selling the defendant's property, made to a third person, to urge the defendant to sell the property to the purchaser, is insufficient to justify the admission of declarations by such third person in regard to the relation of the plaintiff to either of the parties.

A plaintiff in an action to recover for personal services in selling property, who fails to establish a special agreement by the defendant to pay him therefor, may

recover on an account annexed also contained in his declaration, if there is evidence to justify an estimate of the value of the plaintiff's services under this count; and evidence tending to show what the transaction was, accompanied by testimony that the plaintiff told the defendant at their first interview that the commissions for sales at good prices were five per cent on the amount received for the property, is sufficient for that purpose.

CONTRACT, upon an account annexed, to recover $15,000 for the plaintiff's "services in negotiating sale of brewery property" belonging to the defendants, with counts upon an alleged agreement by the defendants to pay the plaintiff the same amount for the same services.

At the trial in the Superior Court, before *Mason*, C. J., it was in issue whether, in negotiating a sale of the defendants' brewery, the plaintiff acted as their agent or as the agent of one Untermeyer, who represented certain capitalists desirous of purchasing such property. The defendants, in order to show that the plaintiff was the agent of Untermeyer, introduced evidence that one Sinclair had several interviews with the plaintiff and Untermeyer; that Untermeyer told Sinclair that he was negotiating for breweries, and urged Sinclair to see and persuade the defendant Houghton to sell to Untermeyer for the price that he communicated through the plaintiff. The defendants then offered to show what the interview was between Sinclair and Houghton; but the judge, upon the plaintiff's objection that it was not had in the presence of the plaintiff, excluded the testimony; and the defendants excepted. The defendants then introduced evidence that the plaintiff requested the defendant Houghton to have an interview with Sinclair, and that Houghton told the plaintiff that he would hear what Sinclair might have to say, and the plaintiff said he would speak to Sinclair about it; that thereupon the plaintiff did go to Sinclair and requested him to see Houghton; and that Sinclair, at a subsequent interview, the plaintiff not being present, said to Houghton, "I want to advise you to sell your brewery; they offer you a pretty good price, and I think you had better take it." The plaintiff objected to further evidence of this interview, on the ground that it took place in the absence of the plaintiff, and the judge excluded the testimony; and the defendants excepted.

The plaintiff testified that, at the first interview he had with

Houghton, the latter asked him, " How is it about the commission in selling breweries?" and he replied that commissions at present at good prices were five per cent on what he got; and the plaintiff testified further, that the defendant Houghton agreed to give him $25,000 commissions. No other evidence was offered as to the value of the plaintiff's services.

The judge instructed the jury, in accordance with the plaintiff's contention, that, if he had not proved the special contract alleged to have been made by him with the defendants for such commission, then the plaintiff was entitled, upon his account annexed, to recover for the value of the services rendered by him; and the defendants excepted.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*G. D. Robinson*, (*I. R. Clark* with him,) for the defendants.

*W. W. McClench*, (*J. B. Carroll* with him,) for the plaintiff.

KNOWLTON, J. The defendants offered to put in evidence the declarations of one Sinclair, in the absence of the plaintiff, as tending to show that the plaintiff in what he did about the sale was the agent of Untermeyer, and not of the defendants. These were rightly excluded, for the reason that there was nothing to show that Sinclair was authorized by the plaintiff to make them. *Boynton* v. *Laighton*, 1 Allen, 509. *Bowker* v. *Delong*, 141 Mass. 315. The evidence relied on by the defendants to show Sinclair's authority goes no further than a request to Sinclair by the plaintiff to see the defendant Houghton, and to urge him to sell his brewery to Untermeyer. This request was entirely consistent with an honest purpose on the part of the plaintiff, as the agent and friend of the defendants, to induce them to make the sale, because he believed it for their interest to make it. It has no tendency to show that Sinclair was the plaintiff's agent for any other purpose than to advise the sale, and it does not justify the introduction of declarations of Sinclair in regard to the relation of the plaintiff to either of the parties.

The ruling that, if the plaintiff failed to establish the special contract declared on, he might recover on the account annexed if in the opinion of the jury the evidence warranted it, was correct. *Harrington* v. *Baker*, 15 Gray, 538. *Fitzgerald* v. *Allen*, 128 Mass. 232. *Simmons* v. *Lawrence Duck Co.* 133 Mass. 298.

There was sufficient evidence to justify an estimate of the value of the plaintiff's services under this count. The jury were informed what the transaction was, and were entitled to apply their common knowledge to the facts of the case. Besides, there was testimony that, at the first interview between the plaintiff and the defendant Houghton, the plaintiff told Houghton that the commissions for sales at good prices were five per cent on the amount received for the property. This was competent to be considered in determining what such services were worth.                                *Exceptions overruled.*