HARRY ALTMAN & another *vs.* DAVID GOODMAN.

Suffolk.    January 28, 1926. — February 25, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Rules of court, Request for ruling. *Broker,* Commission.

In the absence of a motion in writing in accordance with Rule 44 of the Superior Court (1923), no exception lies to a denial of a request in writing by a defendant at a trial before a jury, "On all the evidence the verdict should be ordered for the defendant."

A declaration in an action contained two counts. In the first count the plaintiff alleged an express contract by the defendant to pay him $3,000 for procuring a customer able, ready, and willing to purchase certain real estate. The second count was upon an account annexed "For services rendered in procuring" the purchaser for the premises in question, "$3,000". At the trial there was evidence of the making and performance of the express contract described. The jury found for the plaintiff on the second count in the sum of $1,500 and interest from the date of the writ. *Held,* that

(1) The finding was warranted since the jury might have believed that the contract of employment was made and performed and have disbelieved the evidence as to the amount of commission to be paid, in which case a finding of a reasonable commission was proper;

(2) Instructions given as to the difference between the counts and the meaning of an implied contract were proper, and left no confusion in the minds of the jury.

CONTRACT, with a declaration as amended in two counts, the plaintiffs in the first count declaring upon an express contract by the defendant to pay them $3,000 for procuring a purchaser able, ready and willing to buy "Museum Villa" on Huntington Avenue, Boston, for $298,000, and in the second count alleging that the defendant owed them $3,000 "for services rendered to the defendant according to" an account annexed, which contained an item as follows: "For services rendered in procuring a purchaser of the apartment known as 'Museum Villa' and numbered 450–458 and 460 Huntington Avenue, Boston, $3,000." Writ dated April 27, 1923.

In the Superior Court, the action was tried before *Qua*, J. Material evidence, requests by the defendant for rulings and instructions given to the jury, are described in the opinion. There was a verdict for the plaintiff on the second count in the sum of $1,682.71. The defendant alleged exceptions.

*J. E. Young*, for the defendant.

*E. J. Flynn*, (*M. Palais* with him,) for the plaintiffs.

CARROLL, J. The first count of the declaration alleges that the plaintiffs were employed by the defendant to procure a purchaser for his apartment house, at the price of $298,000; that they procured a purchaser able, ready, and willing to buy the property at that price, "and brought . . . [the purchaser] and the defendant together," and the defendant agreed to pay the plaintiffs for said services the sum of $3,000. The second count alleges that the defendant owes the plaintiffs the sum of $3,000 for services rendered according to the account annexed.

There was evidence tending to show that the defendant employed the plaintiffs; that he stated "he would take $298,000 for the property and would pay us [the plaintiffs] a commission of $3,000." This testimony was contradicted by the defendant. There also was evidence for the jury that the plaintiffs brought about a meeting of the defendant and Harris Poorvu who orally agreed to buy the property for $298,000; that the defendant agreed to sell to him at this price; that Poorvu was able, ready and willing to purchase; and that the defendant did not complete the agreement

with Poorvu. The defendant testified that he never employed the plaintiffs, that Poorvu never agreed to buy the real estate at the price of $298,000 but did make an offer of $295,000 which was rejected. There was a verdict for the plaintiffs on the second count, in the sum of $1,682.71.

The defendant asked the judge to instruct the jury as follows:

"1. On all the evidence a verdict should be ordered for the defendant."

"3. Unless the jury found there was an agreement made by the defendant to pay the plaintiffs $3,000, they cannot recover.

"4. Unless the jury find that if an agreement was made, the agreement was absolutely fulfilled by the plaintiffs, the plaintiffs cannot recover."

"8. The plaintiffs did not find a purchaser for the property upon the defendant's terms."

The defendant also excepted to a part of the judge's charge.

The first request was refused properly. There was no motion in writing for a directed verdict, as required by Superior Court Rule 44 (1923). There was evidence for the consideration of the jury that the plaintiffs were employed by the defendant as his brokers to procure a purchaser, and were not employed to effect a sale; and that they had earned their commission. If the jury believed the plaintiffs' evidence, they were authorized to find that the plaintiffs' right to a commission did not depend on the making of a written agreement of sale between the defendant and Poorvu. *Walker* v. *Russell,* 240 Mass. 386. *Buono* v. *Cody,* 251 Mass. 286. *Klayman* v. *Silberstein,* 252 Mass. 275. The jury could have found that the plaintiffs were employed by the defendant and fulfilled the terms of the employment. They might- also have refused to believe that the defendant agreed to pay the plaintiffs $3,000. If they so found they would not be warranted in finding for the plaintiffs on the first count of the declaration; but the agreement having been made, if the plaintiffs did their part, they could recover on the second count, what their services were actually worth. *Manilla* v. *Houghton,* 154 Mass. 465. *Chandler* v. *Baker,*

191 Mass. 579, 583, 584. *Walker* v. *Russell, supra.* The third request, therefore, was refused properly. There was no error in the refusal to give the fourth and eighth requests. The jury were accurately instructed on the questions raised by these requests.

The defendant contends that the jury were not correctly instructed, and refers to certain parts of the charge relating to the implied contract. In our opinion there was no misunderstanding about this part of the charge. The jury were not told that the plaintiffs could recover, merely by offering their services to the defendant, even if the defendant availed himself of the information, and made the agreement with Poorvu. *Woods* v. *Lowe*, 207 Mass. 1, 3. *McKeon* v. *Tyler*, 254 Mass. 142. Emphasis was placed by the judge on the fact that the plaintiffs must show they were employed by the defendant, and the jury were told, "The plaintiffs must, then, in order to recover in this case, show that they were employed as brokers by the defendant, and that is the first thing they must show."

The defendant also contends that the jury were improperly instructed concerning the difference between the first and second counts. The jury were told that to recover under the first count they must be satisfied that the plaintiffs were employed and that the term of this employment was that they should be paid $3,000; that to recover under the second count the jury must be satisfied that there was an implied contract to pay the plaintiffs if they did the work according to the contract "and if you find . . . [the work] was done and a case is made out under the implied contract theory, then the amount of recovery could not be three thousand dollars necessarily, but whatever sum you say would be reasonable for the work that was done"; that if $3,000 was not agreed upon as the price, then if there is any recovery it must be under the second count. Taking the charge as a whole, in view of what was said about the necessity of showing that the plaintiffs were employed by the defendant, there could be no confusion in the mind of the jury, by what was said about the implied contract. The judge did not say that a contract could be implied merely because the services

of the broker were taken advantage of by the defendant. He referred to the express contract of employment, and if no price was fixed for compensation, then there might be an implied promise to pay a reasonable sum. The jury were correctly instructed in reference to the plaintiffs' right to recover a reasonable sum under the second count, if there was no agreement to pay the plaintiffs $3,000.

We find no error in the conduct of the trial.

*Exceptions overruled.*