ANNIE L. GREENE & another *vs.* BOSTON SAFE DEPOSIT AND TRUST COMPANY & another, executors.

Suffolk.    January 25, 1926. — May 25, 1926.

Present: PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* Construction, Performance and breach, Implied. *Evidence,* Relevancy and materiality.

Where, at the trial of an action against the executor of a will with a declaration in two counts, the first upon an express contract and the second upon a *quantum meruit* for services rendered to the defendant's testator, the plaintiff's evidence tends to show an express contract made by the defendant's testator and enforceable under the first count, and there is no evidence and no contention that that contract was barred by the statute of frauds or by the statute of wills, it is proper to order a verdict for the defendant under the second count.

At the trial of an action by a woman against the executor of a will upon an express contract made by the testator, that, if the plaintiff would stay

with and care for him as long as he lived, he would so provide that the plaintiff "would be well taken care of and provided for during the remainder of" the plaintiff's life, evidence of the manner in which the parties lived together was admitted to aid the jury in deciding what was reasonably understood by the words "well taken care of and provided for." The physical condition of the plaintiff during the period in question was in evidence. *Held,* that

(1) It was not error for the judge to rule, in substance, that the amount to be recovered was not to be based upon the nature or value of the services rendered, the time required to perform them, the spirit in which the work was done, the affectionate relations between the parties, or the adequacy of wages paid, but that it was solely a matter of contract; that the plaintiff took her chances as to what the conditions of the service might be;

(2) It was not improper for the judge to illustrate the significance of the evidence relating to the manner in which the parties lived together by referring to the fact that people living in luxury might reasonably expect a different interpretation put upon such a contract from what the same people might be found to have intended if their standard of living were different;

(3) It was proper for the judge under G. L. c. 233, § 66, to permit the jury to hear evidence of the testator's statements, acts and habits of dealing, tending to disprove or show the improbability of his making the promise alleged by the plaintiff, and also to use that evidence to assist them in determining the question, whether the defendant had proved to the jury's satisfaction that the testator had performed his agreement by the provisions of a certain declaration of trust giving the plaintiff an annuity of $900;

(4) Under G. L. c. 233, § 66, it was proper for the judge in the exercise of his discretion to admit evidence that the testator in effect had said that $1,000 or that $1,100 was sufficient to support a man;

(5) It was not error to exclude the executor's inventory showing the amount of the property left by the testator;

(6) Evidence having been admitted that during the testator's life the nature of the plaintiff's services caused her to have pains in her back, further inquiries, tending to show that at the time of the trial the pains continued, properly was excluded, such testimony having no tendency to prove what the testator should have done in fulfilment of his obligation to see that the plaintiff was provided for until her death.

The contract as proved by the plaintiff should not be construed to give the plaintiff sums varying from year to year and depending upon her health or changing conditions in her life.

CONTRACT, with a declaration in two counts, the first upon the express contract described in the opinion and the second for $250,000 upon a *quantum meruit* for services rendered to the defendants' testator, Samuel G. Chickering, from December 1, 1902, to December 21, 1921. Writ dated November 7, 1922.

In the Superior Court, the action was tried before *Flynn*, J. Material evidence is described in the opinion. At the close of the evidence, the plaintiffs asked, among others, for the following rulings:

"6. If the jury find that the decedent suffered from a loathsome disease, or from ailments loathsome in nature and necessities of care, they should take the fact into consideration in fixing the amount of damages.

"7. If the jury find that decedent told the plaintiffs that they were and should consider themselves members of his family, that he was or wanted to be interested in them as a parent and introduced them as 'my girls,' such facts should be considered by the jury in fixing plaintiffs' damages not as wages."

"9. The possibility of a parent, or a foster parent, cutting off his children, or foster children, by mere mention of them in a will, does not justify the failure under the circumstances in repudiating the natural presumption arising from his words 'as a parent I am interested in you' (meaning the plaintiffs), that they would take from him by proper provisions made before death the share of his estate which they would take if they had been his blood daughters, i.e., the residue or a major part of the estate and expenses."

"11. The plaintiffs might reasonably expect from the decedent as such foster daughters greater compensation than the intrinsic value of their services.

"12. If the plaintiff Annie L. Greene became physically injured in and by the services she rendered decedent, that fact and her present condition are material factors in determining her compensation and damages.

"13. The measure of plaintiffs' damages in the several actions is the benefit of decedent, i.e., the value received by him."

"15. If the jury find that decedent's life was measurably prolonged or made comfortable by plaintiffs' services, they are entitled to have all the circumstances considered by the jury in setting the damages.

"16. On all the evidence the jury must find for the plaintiffs."

The requests were refused. Material portions of the charge to the jury, to which the plaintiffs alleged exceptions, are described in the opinion. The jury found for the defendants on the first count and, by order of the judge, for the defendants upon the second count.

G. L. c. 233, § 66, reads as follows:

"If a cause of action brought against an executor or administrator is supported by oral testimony of a promise or statement made by the testator or intestate of the defendant, evidence of statements, written or oral, made by the decedent, memoranda and entries written by him, and evidence of his acts and habits of dealing tending to disprove or to show the improbability of the making of such promise or statement, shall be admissible."

*J. K. Berry,* (*E. C. Upton* with him,) for the plaintiffs.

*E. F. McClennen,* for the defendants.

SANDERSON, J. This is an action of contract to recover from the defendants, as executors of the will of Samuel G. Chickering, on an oral contract to the effect that if the plaintiffs would stay with and care for the testator "as long as he lived, he would so provide that they would be well taken care of and provided for during the remainder of their lives after his decease." The declaration also contained a count for labor and services in accordance with an account annexed. The answer is a general denial, payment, and that the alleged agreement was to make a will and was not in writing. The jury found for the defendants on the first count, and by direction of trial judge returned a verdict for the defendants on the second count. The exceptions relate to the admission of evidence, to the refusal to direct a verdict for the plaintiffs, to the direction of a verdict for the defendants on the second count, to the refusal to give certain requests for rulings, and to portions of the charge. The exception to the refusal to direct a verdict for the plaintiffs has not been argued and is treated as waived.

The second count being for labor and services is a count on a *quantum meruit.* If there is a failure of consideration in a special contract for services, the recovery is on *quantum meruit.* This occurs when the agreement is unenforceable

because of the statute of frauds. *Donovan* v. *Walsh*, 238
Mass. 356. *Riley* v. *Williams*, 123 Mass. 506. The contract
upon which the plaintiffs rely might be performed within
one year and no contention that it could not be so performed
is made. *Donovan* v. *Walsh, supra. Dixon* v. *Lamson*, 242
Mass. 129, 137. *Kelley* v. *Thompson*, 181 Mass. 122, 124.
The plaintiffs, having the right to recover on the contract if
proved, cannot base their action on a *quantum meruit. Dal-
ton* v. *American Ammonia Co.* 236 Mass. 105. *Manilla* v.
*Houghton*, 154 Mass. 465. *Craig* v. *French*, 181 Mass. 282.
*Handy* v. *Bliss*, 204 Mass. 513, 520. The judge ruled without
objection that there was no evidence of an agreement to
make a will. The testimony tended to show that a contract
substantially as stated in the declaration was entered into
by an offer of the testator, made first in 1905, and in some-
what similar language repeated in later years, and accepted
by the plaintiffs. It was not disputed that they had per-
formed their part of the contract if one was made. The
contention of the defendants was that if the agreement was
made it had been performed by the testator.

In 1917 he put certain securities in the hands of the Boston
Safe Deposit and Trust Company in trust to pay the income
to the plaintiffs and the survivor of them for life and to pay
the principal to such persons as the survivor should by will
appoint or in the absence of such appointment to the heirs
of such survivor. This was changed in 1919 so as to provide
that the principal should go to the Carney Hospital on the
death of the survivor. The income of this trust was paid
to the plaintiffs from the time the trust was created, yielding
to each about $900 per year. There was evidence from which
the jury could find that this was a fulfilment of the testator's
obligations, but on the whole evidence the case was left to
them to award such damages to the plaintiffs as would fulfil
the testator's obligation if they should find that the contract
was made as alleged and was not fully performed by the
trust agreement for their benefit.

The plaintiffs received room and board and one of them
was paid wages during the period of her stay with the testator.
The contract relied upon, although having some elements of

uncertainty, was sufficiently definite to be enforced. Its meaning depended upon the intention of the parties ascertained from the language used and the attendant circumstances. *Noble* v. *Joseph Burnett Co.* 208 Mass. 75. *Silver* v. *Graves,* 210 Mass. 26. *Dixon* v. *Lamson,* 242 Mass. 129, 137. Contracts should be so construed as to carry into effect the reasonable intention of the parties if that can be ascertained. *Gilman* v. *Dwight,* 13 Gray, 356. The jury heard evidence of the manner in which the parties lived together, to aid them in deciding what was reasonably understood by the words "well taken care of and provided for." See *Wall* v. *Williams,* 93 N. C. 327. The judge rightly ruled, in substance, that the amount to be recovered was not to be based upon the nature or value of the services rendered, the time required to perform them, the spirit in which the work was done, the affectionate relations between the parties, or the adequacy of wages paid, but that it was solely a matter of contract; that the plaintiffs took their chances as to what the conditions of the service might be. To illustrate the significance of the evidence relating to the manner in which the parties lived together, the judge referred to the fact that people living in luxury might reasonably expect a different interpretation put upon such a contract from that which the same people might be found to have intended if their standard of living were different. No prejudicial error is shown by the language used. *Higgins* v. *Shepard,* 182 Mass. 364.

The judge correctly ruled that by reason of G. L. c. 233, § 66, the jury were permitted to hear evidence of the testator's statements, acts and habits of dealing tending to disprove or show the improbability of his making the promise alleged by the plaintiffs, and that they might also use the evidence to assist them in determining the question whether the defendants had proved to the jury's satisfaction that the testator had performed his agreement by the provisions in this trust instrument. Because of this statute, the statement of the testator to the effect that $1,000 or $1,100 was sufficient to support a man was admissible in the discretion of the court.

The amount of property left by the testator as shown by

the inventory would seem to be remote from the issue to be decided. The plaintiffs never knew how much property he had. They did not contract with reference to it, and it did not appear that his estate at death had any relation to the amount which he owned when the contract was made. The judge instructed the jury that, if they should find the obligation of the contract had not been performed, the plaintiffs would be entitled to receive such sum as would be necessary to take care of them well during the remainder of their lives, irrespective of the size of the estate or the effect upon the bequests in his will. If he had a large estate they were to have no more and no less. The amount was to be determined by what the jury decided the parties fairly contemplated and had in mind, in view of the circumstances and manner of living, and conditions of life of the three parties involved. In *Silver* v. *Graves, supra,* the agreement related to withdrawing opposition to the probate of a will; and the amount of the estate was a circumstance having a direct bearing in determining the sum which should be "satisfactory" to the plaintiff. In the other cases cited to this point by the plaintiffs, the question of the admissibility of evidence of the value of the testator's estate does not seem to have been passed upon. We cannot say that the court erred in excluding the inventory.

Exception was saved to the exclusion of testimony to the effect that the plaintiff's back still hurts her, and to the refusal to rule that if the plaintiff Annie L. Greene became physically injured in and by the services she rendered the decedent, that fact and her present condition are material facts in determining her compensation and damages. The plaintiffs' right of action was not for compensation for services. One of them, in direct examination having testified without objection that at times she had to hold the testator up and as a result she had pains in her back and side beginning in 1916, was asked in redirect examination whether she had fully recovered and answered "No, I don't think I have." She was then asked, "In what regard have you not?" and replied "My back still bothers me." Upon objection, made after the last answer, the question was excluded. The

evidence was offered on the ground that if the contract was performed the things which naturally flow from it are a part of it. The physical condition of the witness during the testator's life was in evidence. The testimony offered as to her back after the testator's death had no tendency to prove what he should have done in fulfilment of his obligation to see that she was provided for at his death. The contract should not be construed to give the plaintiffs sums varying from year to year depending upon their health or other changing conditions in their lives. As the case was left to the jury, the plaintiffs, if they proved the contract and it had not been performed, were entitled to receive money enough to take care of them well during the remainder of their lives with nothing of the fund left at the death of the survivor. We must assume that in deciding the case the jury took into consideration such conditions of health and life as are reasonably likely to occur to any person with advancing age. The judge in his discretion was justified in excluding testimony as to the witness's physical condition at the time of trial.

No useful purpose would be served by referring in detail to the other exceptions saved. All questions argued have been considered and no reversible error is found.

*Exceptions overruled.*