MARY PERRY *vs.* PATRICK FEENEY, Exr.

DECEMBER 2, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This is an action of the case in assumpsit. After trial in the Superior Court the jury returned a verdict for the plaintiff. Defendant then brought the case to this court by his bill of exceptions.

Defendant is the executor of the will of Thomas E. Bushell who died February 22, 1924. Mr. Bushell's wife died December 15, 1923. Mr. and Mrs. Bushell were elderly people and lived alone in a small house. Plaintiff lived with her husband and children in a house near the Bushells. October 9, 1922, Mrs. Bushell was stricken with an illness which confined her to bed. In about two weeks she became convalescent and was able to be up and around her house until October, 1923, when she was again taken ill and confined to bed until the time of her death, December 15. Mr. Bushell was taken ill a few weeks after his wife died and was

2

removed to a hospital February 8, 1924, where he died two weeks later. After Mr. Bushell died plaintiff filed a claim against his estate for services as nurse and housekeeper for him and Mrs. Bushell from October 9, 1922 to the date of his death. This claim was duly disallowed by the executor.

Plaintiff testified that when Mrs. Bushell became sick October 9, 1922, Mr. Bushell requested her to take care of his wife and that five weeks afterwards he requested her to take care of his wife and himself as long as they lived. She testified that she never presented a bill to Mr. Bushell nor asked him for any money on account and that he never paid her for her services.

Defendant called as a witness a niece of Mr. Bushell. She testified that she visited her uncle at the hospital when his will was made and that he said he did not owe any man and that there were no bills coming in. This witness and two others were asked by defendant's attorney as to the custom of Mr. Bushell in paying his bills. Plaintiff's objections to these questions were sustained and their exclusion is the reason for six exceptions. These questions should have been allowed under authority of § (5039), G. L. 1923, which provides that: "In any action brought against an executor or administrator for the recovery of money, supported by oral testimony of a promise or statement made by the testator or intestate of the defendant, evidence of statements, written or oral, made by the decedent, memoranda and entries written by him and evidence of his acts and habits of dealing tending to disprove or to show the improbability of the making of such promise or statement shall be admissible."

This statute was enacted in 1915 by our General Assembly for the purpose of enabling the representatives of a deceased person to introduce evidence which otherwise would be inadmissible. Under a similar statute in Massachusetts it has been held that it was proper for a jury to hear evidence of the testator's statements, acts and habits of dealing tending to disprove or show the improbability of his making

the promise alleged by the plaintiff. *Greene* v. *Boston Safe Deposit Co.*, 255 Mass. 519.. If the defendant had been permitted to prove that it was Mr. Bushell's custom to pay his bills promptly and not permit them to stand the jury might have inferred therefrom the improbability of his making the statement testified to by the plaintiff. Also, if it were shown that it was the custom or habit of Mr. Bushell to pay his bills promptly the fact that plaintiff never presented him with a bill for any services performed by her for his wife during a year might justify the jury in believing that what she did for Mrs. Bushell was a neighborly kindness and without any promise or obligation on the part of Mr. Bushell to pay for the same. The exclusion of the questions was prejudicial error and defendant's exceptions thereto are sustained. As there is to be a new trial of the case the other exceptions become immaterial and are not considered.

Exceptions 15, 16, 17, 18, 20 and 21 are sustained. The case is remitted to the Superior Court with direction to grant a new trial.

*Patrick P. Curran, Hoyt W. Lark, Curran, Hart, Gainer & Carr,* for plaintiff.

*Peter W. McKiernan, John C. Going,* for defendant.