NETTIE V. HUMES *vs.* SAMUEL BARRON, JR., & another, administrators.

Suffolk.  March 29, 1928. — May 26, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Contract*, Implied.  *Practice, Civil*, Verdict, Exceptions.

In an action of contract to recover from the administrator of an estate for services rendered the decedent, the declaration contained three counts, the first upon an express contract, the second upon a *quantum meruit*, and the third upon an account annexed.  The jury found for the defendant on the first count and for the plaintiff on the second and third counts in an amount less than that claimed in the first count.  *Held*, that the plaintiff might recover upon a *quantum meruit* the reasonable value of his services, although he failed to establish the express contract under the first count.

CONTRACT.  Writ dated November 21, 1924.

In the Superior Court, the action was tried before *Irwin*, J., who denied a motion by the defendants that a verdict be ordered in their favor.  Material evidence is stated in the opinion.  There was a verdict for the plaintiff on the second and third counts of the declaration in the sum of $2,350.67. The defendants alleged exceptions.

*J. E. Hannigan,* for the defendants.

*J. W. Vaughan,* for the plaintiff, submitted a brief.

CROSBY, J.  This is an action of contract to recover from the defendants, as administrators of the estate of Philip Castleman, for services rendered to the decedent.  The declaration was in three counts.  The first alleges, in substance, that about July 1, 1914, the intestate, who was a physician, promised the plaintiff that if she would take care of his rooms, answer the telephone, tend the door and receive his patients

and friends, attend to his laundry, press and mend his clothes, furnish him meals when requested, and render other services which might be required by him up to the time of his decease, he would pay her at least $10,000 therefor; and that the plaintiff performed all the services required of her under the terms of the contract from about July 1, 1914, until April 1, 1924, when the intestate died as the result of an automobile accident.  The second count alleges, in substance, that at the request of the decedent the plaintiff performed certain services, and that he promised to compensate her therefor; that, relying on said promise, she rendered said services and has not been paid for the same, and that the fair value thereof amounts to $12,687.50, which sum, with interest, is due her. The third count is upon an account annexed consisting of an item for services rendered the decedent from July 1, 1914, to March 31, 1924, at $25 per week and amounting to $12,687.50, and for interest.  It thus appears that the first count is upon a special contract and the second and third are based upon a *quantum meruit*.

The jury found for the defendants on the first count and for the plaintiff on the second and third counts, and assessed damages in the sum of $2,350.67.  Thereafter the judge, on motion of the defendants, refused, subject to their exception, to enter a verdict in their favor on the second count.

The only exceptions relied on by the defendants are to the refusal of the trial judge to order judgment in their favor. Their contention is that, as the jury found in their favor on the first count which alleged a special contract, as matter of law the plaintiff could not recover on counts two or three. This contention cannot be sustained.  If the plaintiff failed to establish the special contract declared on, she could recover upon the second and third counts if, in the opinion of the jury, the evidence warranted a recovery.  *Harrington* v. *Baker*, 15 Gray, 538.  *Fitzgerald* v. *Allen*, 128 Mass. 232. *Simmons* v. *Lawrence Duck Co.* 133 Mass. 298.  *Manilla* v. *Houghton*, 154 Mass. 465.

The jury might have refused to believe that the decedent agreed to pay the plaintiff at least $10,000; if so, they would not have been warranted in finding for her on the first count.

But the agreement having been made, as could have been found, if the plaintiff rendered the services required she could recover on a *quantum meruit* under the second and third counts what her services were reasonably worth. *Manilla* v. *Houghton, supra.   Chandler* v. *Baker*, 191 Mass. 579.   *Dalton* v. *American Ammonia Co.* 236 Mass. 105. *Altman* v. *Goodman*, 255 Mass. 41, 43.

The defendants rely upon the decision of *Greene* v. *Boston Safe Deposit & Trust Co.* 255 Mass. 519.   In that case it was not disputed that the plaintiffs had performed their part of the agreement, if one were made.   It is expressly stated in the opinion that there was evidence from which the jury could have found that the defendants' testator had fully performed his obligation to the plaintiffs.   If the jury so found, it is plain that the plaintiffs could not recover either upon the special contract or upon a *quantum meruit.*   The facts in that case are plainly distinguishable from those in the case at bar.   There is no evidence in the present case which would have warranted a finding that the plaintiff ever received $10,000 or any other sum as compensation for services rendered by her to the decedent.   Accordingly the finding for the defendants on the first count was not a bar to a finding in the plaintiff's favor on the second and third counts.   *Manilla* v. *Houghton, supra.   Altman* v. *Goodman, supra.*

*Exceptions overruled.*