FRED J. DONAHUE *vs.* DAL, INC.

Middlesex.    May 5, 1943. — July 17, 1943.

Present: FIELD, C.J., QUA, DOLAN, & COX, JJ.

*Contract,* Implied.  *Pleading, Civil,* Declaration.  *Practice, Civil,* Order-
ing verdict; Variance; Exceptions: what questions open; Requests,
rulings and instructions; New trial.  *Evidence,* Foreign law, Of value.
*Agency,* Scope of authority or employment.

Under a declaration with a first count on an account annexed for services
rendered and a second based on a special contract for services, the
plaintiff, on proper evidence, might recover on the first count either
if he proved a special contract broken by the defendant or if he failed
to prove the special contract.

A general motion for a directed verdict for the defendant was properly
denied where there was evidence warranting a verdict for the plain-
tiff on at least one of the counts of his declaration.

A motion for a directed verdict on "both counts" of the declaration on
the ground of variance was properly denied where, even if there was
a variance between a special contract for services proved and a special
contract for services alleged in one count of the declaration, the evi-
dence warranted a verdict for the plaintiff on the other count, which
was upon an account annexed.

Citations of the law of another State, directed to the attention of this
court by the defendant at the hearing of his exceptions after a verdict
for the plaintiff need not be considered by it where the subject matter
of that law had not been raised in any way in the trial court.

Evidence that an alleged agent "did act for" a corporation in making a
contract warranted a finding that he made the contract by its au-
thority.

Under Rule 71 of the Superior Court (1932), a request for a ruling is
not a proper method of raising the question of the sufficiency of the
evidence to warrant a verdict at a trial before a jury.

An exception to the denial of a request for a ruling whose subject matter
is sufficiently covered by the charge must be overruled.

The plaintiff in an action for services rendered the defendant as a sales
agent was properly allowed to testify as to the value of his services.

Requests for rulings made at the hearing of a motion for a new trial and
raising only matters which could have been raised at the trial need
not be considered.

CONTRACT.   Writ in the Superior Court dated August 2,
1939.

The action was tried before *Beaudreau,* J.

*H. T. Talty*, for the defendant.

*Lee M. Friedman*, for the plaintiff.

Cox, J.   The first count of the declaration is upon an account annexed for services rendered as sales agent.   The second count is upon an alleged contract whereby the defendant employed the plaintiff to introduce its goods to the trade, and to make sales, as its exclusive representative, for a reasonable period, sufficient to enable him to earn from the agreed commissions substantial remuneration to compensate him for his time and expenses.   Further allegations are that the defendant dismissed the plaintiff after he had rendered valuable service under the contract.   It is not alleged that both counts are for the same cause of action.   The defendant's answer, among other things, contains a claim of recoupment on account of leather alleged to belong to it which the plaintiff refused to return.

The case was heard by an auditor whose findings of fact were not to be final.   Thereafter the case was tried to a jury upon auditor's report and other evidence, and a general verdict was returned for the plaintiff.   The trial judge, subject to the defendant's exceptions, denied a motion for the direction of a general verdict, for a directed verdict on each count, and for a directed verdict on both counts because of a material variance between the pleadings and the evidence.   The defendant also excepted to matters of evidence, to the denial of its requests for rulings, its motion for a new trial, and requests for rulings thereon.

It could have been found that the defendant, through one Stybel, who, as the auditor found, acted for it, agreed orally with the plaintiff that he was to represent it as its exclusive agent;   that his employment was to be permanent;   and that he was to receive a commission of two per cent on all sales made.   The defendant concedes that, from the plaintiff's own testimony, he had a contract of permanent employment, although it questions whether it was binding, as hereinafter appears.   It is apparent that such a contract is materially different from that upon which the plaintiff declared.   If, however, the contract was broken by the defendant, as could have been found, the plaintiff could sue

on an account annexed to recover for the value of his services. *Fitzgerald* v. *Allen*, 128 Mass. 232. *Dalton* v. *American Ammonia Co.* 236 Mass. 105, 108. See *Dixon* v. *Lamson*, 242 Mass. 129, 137. Moreover, if a plaintiff fails to establish the special contract declared on, he may recover on an account annexed, if the evidence warrants it. *Manilla* v. *Houghton*, 154 Mass. 465, 467. *Humes* v. *Barron*, 263 Mass. 583, 584. See *Greene* v. *Boston Safe Deposit & Trust Co.* 255 Mass. 519, 523. The matter of variance will be considered hereinafter.

The judge instructed the jury, without objection from either party, that the first question presented was whether this was a contract giving the plaintiff an exclusive agency "of continuance duration"; that if it was concluded that there was no such contract, there was still another question, namely, whether the plaintiff did some work for the defendant for which he was entitled to be paid a fair and reasonable sum. Regardless of what may have been in the mind of the pleader when drawing the declaration, we are of opinion that the law, as laid down at the trial, left the plaintiff's case one in which the plaintiff was seeking recovery on a special contract, and also one in which, if he failed to prove the special contract but did prove that he had rendered services in circumstances entitling him to compensation, he was seeking to recover therefor without reference to any special contract. The verdict was general and it is enough if the evidence supports it on one of the counts. *McFadden* v. *Bancroft Hotel Corp.* 313 Mass. 56, 61–62, and cases cited. In the circumstances, there was no error in refusing to direct a general verdict or a verdict on each count.

The defendant has directed its argument to the proposition that a verdict should have been directed on the second count on the grounds that there was a variance; that the interpretation of the contract there declared on, as the contract was made in New York, was governed by the law of that State; and that it did not appear that the contract was binding on the defendant, it having been made without authority and never ratified.

On the question of variance, it is to be borne in mind that this was called to the judge's attention by the motion for a directed verdict in which it was asked, among other things, that a verdict be directed on "both counts" because of a material variance; and also by a request for a ruling hereinafter referred to. See *Pacheco* v. *Medeiros*, 292 Mass. 416, 422–423. From what has been said there was no variance as to the count on an account annexed, and the judge could not properly allow the motion on the ground of variance for, if he did, the plaintiff would have been out of court on a proper count. See *Botti* v. *Venice Grocery Co.* 309 Mass. 450, 458.

The case was tried without any reference whatever to the law of New York as far as the record discloses. No requests as to that law were made. It does not appear that any cases from that State were called to the judge's attention. No exceptions were taken to the judge's charge. But now for the first time, for all that appears, the defendant contends that the contract, having been made in New York, is governed by its law and it cites cases as to that law, relative to contracts for permanent employment. In the circumstances we do not consider them. The defendant is seeking here to raise an issue for the first time. It is too late. It would be a manifest injustice to allow it to do so. *Tompkins* v. *Sullivan*, 313 Mass. 459, 463. See *Aldworth* v. *F. W. Woolworth Co.* 295 Mass. 344, 345. The interpretation by this court of G. L. (Ter. Ed.) c. 233, § 70, is not at variance. See *Bradbury* v. *Central Vermont Railway*, 299 Mass. 230, 233–234; *Hite* v. *Hite*, 301 Mass. 294, 298–299; *Smith* v. *Brown*, 302 Mass. 432, 433; *Pilgrim* v. *MacGibbon*, 313 Mass. 290.

The auditor, whose report was in evidence, after stating the contentions of the defendant that Stybel, who negotiated whatever contract or arrangement was made with the plaintiff, had no authority in the premises, found that Stybel "did act for" the defendant. Without reference to ratification this was enough to make the question of authority one for the jury. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 569. *Friedman* v. *Berthiaume*, 303 Mass. 159, 162. ,

There was no error in the denial of the request for a ruling that there was "no evidence" upon which the jury was warranted in finding for the plaintiff on either count. Upon conflicting evidence it could have been found that there was or was not a special contract, and that, if there was not, the plaintiff, in any event, rendered services to the defendant for which he was entitled to be paid. *Walker* v. *Russell*, 240 Mass. 386, 393. *Humes* v. *Barron*, 263 Mass. 583, 584. Moreover, a request for a ruling is not the proper method of raising the question of the sufficiency of the evidence in a trial before a jury. Rule 71 of the Superior Court (1932). *Schusterman* v. *Rosen*, 280 Mass. 582, 588. *Sullivan* v. *Ward*, 304 Mass. 614, 616. *Zawacki* v. *Finn*, 307 Mass. 86, 89.

The defendant's fourth request for a ruling was as follows: "Where the plaintiff, by his evidence, has proven an express contract, he cannot recover on an implied contract." The defendant in its brief merely refers us to the first count "which is on a common count, an account annexed," and then "submits" that there was error in denying the request. This is hardly an argument. Surely it is of little help to the court. *Commonwealth* v. *Dyer*, 243 Mass. 472, 508. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 247 Mass. 334, 346. See *Burgess* v. *Giovannucci*, *ante*, 252, 254. Moreover, the request, assuming without deciding that it is correct in form or substance as an abstract principle of law, was, in effect, covered in the judge's charge, as already pointed out, where the judge stated to the jury the two main questions involved.

The defendant's fifth request called for a ruling that there was a material variance between the pleadings and the evidence. This was a general request, not directed to either count specifically. If we assume, without deciding, that this request does not come within Rule 71 of the Superior Court (1932), nevertheless, from what has been said already on the question of variance, we are of opinion that there was no error in denying the request.

The plaintiff was properly allowed to testify as to the value of his services. *Rizzo* v. *Cunningham*, 303 Mass. 16, 25, and cases cited. Compare *Williamson* v. *Feinstein*, 311

Mass. 322, 323–324; *Downey* v. *Union Trust Co. of Springfield,* 312 Mass. 405, 417–419.

We do not consider the defendant's contention that certain instructions to the jury, to which no exceptions were taken, and which were not involved in any requests for rulings, were erroneous. *Squires* v. *Fraska,* 301 Mass. 474, 477–478. *Oldakowski* v. *Myrick,* 308 Mass. 600, and cases cited.

What action should be taken by the trial judge on the motion for new trial was a matter within his sound discretion. We cannot say that there was any error in its denial. *Kinnear* v. *General Mills, Inc.* 308 Mass. 344, 348–349, and cases cited. The requests for rulings on this motion related to matters that could have been raised at the trial, and need not be considered. *Pins* v. *I. J. Fox, Inc.* 302 Mass. 601, and cases cited.

*Exceptions overruled.*