*David A. Sutherland,* for the defendant Trust Securities Corporation.


ERWIN CLAYTON *vs.* MODERN SHRINKING & REFINISHING CO. November 8, 1960. Exceptions overruled. The plaintiff's declaration contains two counts. Under the first, the plaintiff seeks to recover the balance alleged to be due under a special oral contract; under the second, the plaintiff seeks a similar amount on an account annexed. The jury found for the defendant on the first count and for the plaintiff on the second. The case comes here on the defendant's exceptions. Its main contention is that the judge, both in his original charge and in answering a question submitted by the jury during their deliberations, erred in instructing them that they could find for the defendant on the first count and for the plaintiff on the second. The judge made it clear to the jury that if they found that a special contract was not proved they should find for the defendant on count 1 but that it was open to them on the evidence to find for the plaintiff on count 2 for the fair value of the labor and materials supplied to the defendant. There was no error. If the plaintiff failed to establish

a special contract he could recover the fair value of his services under an account annexed, if the evidence warranted it, as we think it did. *Manilla* v. *Houghton,* 154 Mass. 465. *Donahue* v. *Dal, Inc.* 314 Mass. 460, 461–462. The defendant's exception to a series of questions put by the plaintiff on the cross-examination of an officer of the defendant, which were allowed solely on credibility, reveals no prejudicial error. Moreover, it appears that the plaintiff had previously testified concerning this matter without objection.

*Edward J. Davis,* for the defendant.

*Samuel H. Lewis, (Herbert D. Lewis* with him,) for the plaintiff.