Swan, J.
Colonial Point Phase 1 Realty Company (“Colonial Point”) rented an apartment in Wakefield, Massachusetts to Matthew Perkins (“Perkins”) under a written one-year lease. The monthly rent was $1,375.00. Two months into the tenancy, Perkins stopped paying. Colonial Point served him with a fourteen-day notice to quit. Perkins did not quit the premises, and Colonial Point commenced this summary process action for possession and unpaid rent. Perkins was served with a summons and complaint on March 16, 2012, requiring that an answer be filed by April 9 and scheduling a hearing for April 12. Although Perkins did not file an answer by April 9, he did so on April 12. The answer denied nonpayment of rent.[1] Perkins and Colonial Point’s attorney signed an agreement to continue the hearing to April 26, 2012. On that day, Perkins failed to appear and was defaulted. A judge ordered judgment to enter for Colonial Point for possession and damages of $4,704.89, plus interest and costs.
On May 2,2012, Perkins filed a motion to set aside the default judgment, and the court scheduled the motion for a hearing on May 10.[2] The notice sent to the parties stated that the event was a “Motion Hearing” and specified, “MOTION TO REMOVE DEFAULT’ (upper case letters in original). On the day of the motion hearing, a judge, other than the one who ordered the default judgment, held a hearing and ordered a judgment for Perkins.
Colonial Point has appealed that judgment, arguing that the second judge erroneously failed to rule on Perkins’ motion for relief from judgment and instead held a trial on the merits when judgment had already been entered by another judge. *228 Although this appeal was brought under Dist./Mun. Cts. R. A D. A, Rule 8C, the record appendix does not contain a transcript of the hearing.[3] Accordingly, we cannot discern whether (1) the second judge allowed the motion without indicating so on the record, and then conducted the trial, or (2) simply tried the case without acting on the motion. At oral argument, Colonial Point’s counsel in fact conceded that Colonial Poinf s trial counsel attended the hearing expecting only to answer Perkins’ motion and did not bring any witnesses, but then did not object to, and indeed acquiesced in, the court’s proceeding to a trial on the merits. To succeed on appeal, it is incumbent upon the “party, at the time the ruling or order of the court is made or sought, [to make] known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor.” Mass. R. Civ. P., Rule 46; G.L.c. 231, §112B. Without an objection in the trial court, Colonial Point “is seeking here to raise an issue for the first time. It is too late. It would be a manifest injustice to allow it to do so.” Donahue v. Dal, Inc., 314 Mass. 460, 463 (1943).
The judgment for Perkins is affirmed. Since that judgment is the last controlling ruling in the case, the matter is returned to the Malden District Court, and the docket is to be amended to reflect that the judgment for Colonial Point for possession and rent entered on April 30, 2012 is void. If an execution has been issued, it is to be recalled unsatisfied and rescinded.
So ordered.

 The handwritten portion of the answer is marginally legible. It appears to state: “I have paid my rent each month and sometimes early. If the landlord failed to cash the check or the check was lost, I will pay for that month only.”

 In his motion, Perkins asserted: “I was not informed that I had to be in court on 26 April 12. The lawyer told me to show up at the law offices to finish going over the matter. When I called the law office on the 26^ of April and told them that I had an appointment with them, they told me that the lawyer would be in court all day and I tried to reschedule the appointment.”

 The docket indicates that a transcript was prepared and received by the trial court.